# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEENAN HILLARY,
                    Appellant,

                v.

DEPARTMENT OF
    TRANSPORTATION,
                    Agency.

DOCKET NUMBER
DC-0432-16-0041-A-1

DATE: January 27, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Julie E. Rook Gold</u>, Esquire, Silver Spring, Maryland, for the appellant.

<u>Mindy A. Kaiden</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the addendum initial decision, which denied his motion for attorney fees.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2          The administrative judge denied the appellant's request for attorney fees because he failed to prove that he was the prevailing party and that attorney fees were in the interest of justice. Attorney Fee File (AFF), Tab 6, Addendum Initial Decision (AID) at 4-12. On petition for review, the appellant challenges both of these findings. Petition for Review (PFR) File, Tab 1 at 6-9. Because we agree that an award of attorney fees would not be in the interest of justice, we need not determine whether the appellant was the prevailing party. *See McGuire v. U.S. Postal Service*, 13 M.S.P.R. 158, 159 n.2 (1982).

¶3          An award of attorney fees may be warranted in the interest of justice when, for example: (1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit or wholly unfounded, or the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed a gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits. *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35 (1980). These criteria apply equally in cases when a settlement is reached prior to a decision on the merits. *Vann v. Department of the Navy*, 38 M.S.P.R. 411, 414 (1988).

¶4  The appellant first argues that an award of attorney fees is in the interest of justice because to deny fees when the parties reach a settlement agreement but reach an impasse regarding fees would discourage settlement, which is against public policy. PFR File, Tab 1 at 8. However, echoing the U.S. Supreme Court, the Board has found that "the purposes of settlement will largely be lost if the fees proceeding becomes the first [major litigation] in settled cases." *Vann*, 38 M.S.P.R. at 414 n.2 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). The Board has therefore emphasized "that the parties should make every effort, during the course of their negotiations, to settle any potential liability for fees as well." *Id.* Furthermore, as the administrative judge noted, the agency may have declined to settle if doing so would have required it to pay the appellant's attorney fees. AID at 11-12. Accordingly, we find the appellant's argument to be without merit. *See Hutchison v. U.S. Postal Service*, 38 M.S.P.R. 491, 494-95 (1988) (finding that an award of attorney fees was not in the interest of justice, despite the appellant obtaining prevailing party status as a result of a settlement), *aff'd*, 871 F.2d 1097 (Fed. Cir. 1989) (Table); *see also Stringer v. Department of the Treasury*, 27 M.S.P.R. 644, 644 n.* (1985) (finding that an agency's agreement not to oppose an appellant's request for attorney fees does not affect an appellant's burden of establishing that an award of fees is justified).

¶5  The appellant also argues that an award of attorney fees is in the interest of justice because the agency committed a gross procedural error. PFR File, Tab 1 at 8-9. He notes that the deciding official admitted that a lack of evidence indicating that the appellant wanted to improve his performance was material to the decision to remove him. AFF, Tab 1 at 6. The appellant asserts that he was never notified that the deciding official considered this fact to be material and was not provided the opportunity to produce evidence of his willingness to improve his performance. PFR File, Tab 1 at 8-9. The appellant alleges that his due process rights were therefore violated. *Id.* at 9.

¶6        However, in his reply to the proposal notice, the appellant argued that he was "both willing and able to improve his performance" and asserted that his second-level supervisor's allegation that he "[could not] or [would] not" improve his performance was without merit.  Initial Appeal File, Tab 4 at 58.  A deciding official does not violate an employee's due process rights when he considers issues raised by an employee in his reply to the proposed adverse action and then rejects those arguments in reaching a decision.  *Mathis v. Department of State*, 122 M.S.P.R. 507, ¶ 9 (2015).  An employee is not entitled to know the particular weight the deciding official will attach to his arguments raised in reply to the proposal notice.  *Id*.  Accordingly, we find that the appellant failed to prove that the agency committed a gross procedural error.  For the reasons set forth above, we deny the appellant's motion for attorney fees.

## NOTICE OF APPEAL RIGHTS[2]

        You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.